```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Cr. No. 10-171(3)(ADM/FLN)
```

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )   GOVERNMENT'S POSITION
                              )   REGARDING SENTENCING
       v.                     )
                              )
JERONE IAN MITCHELL,          )
                              )
            Defendant.        )

The United States by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Chris S. Wilton, Assistant United States Attorney, hereby submits its Position Regarding Sentencing in the above-entitled matter.

**1. BASE OFFENSE LEVEL.**

The government concurs with the conclusion of the Pre-Sentence Report (PSR) that the base offense level for Count 1 (Conspiracy to Commit Wire Fraud) of the Indictment begins at level 6. The government also agrees that the base offense level should be increased by 14 levels as the defendant is responsible for a loss amount of between $400,000 and $1 million.

**2. ACCEPTANCE OF RESPONSIBILITY AND TOTAL OFFENSE LEVEL.**

The government agrees that a 3-level reduction for acceptance of responsibility is warranted, as long as defendant continues to accept responsibility for his crimes. Accordingly the government concurs in the PSR finding that the total offense level is 17 for Count 1.

### 3. ROLE IN THE OFFENSE

The United States concurs with the PSR that Mr. Mitchell played a "minor role" and therefore should be entitled to a two-level reduction. Accordingly, his base offense level is 15.

### 4. CRIMINAL HISTORY CATEGORY.

The government concurs in the finding of the PSR that the defendant's criminal history category is I.

### 5. LOSS AMOUNT

There are no disagreements as to the loss amount in this case.

### 6. APPLICABLE GUIDELINE RANGE.

The government concurs in the finding of the PSR that based upon a criminal history category of I, and a total offense level of 15, the guideline range for Count 1 is 18-24 months.

### 7. REASONABLE SENTENCE.

As this Court knows, the guidelines are but a starting point for determining a reasonable sentence. When conducting sentencing, this court must calculate the Guidelines range, treating the Guidelines as merely advisory and not presumptively reasonable, consider the § 3553(a) factors, and explain the chosen sentence. Gall v. United States, 552 U.S. 38, 51 (2007); Nelson v. United States, --- U.S. ----, 129 S.Ct. 890, 891 (2009).

When determining the ultimate sentence, the Court looks to the nature and circumstances of the offense; the history and characteristics of the defendant; the seriousness of the offense;

the need to promote respect for the law; the need to provide adequate deterrence and protection of the public; providing the defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; and the applicable guideline sentencing range. 18 U.S.C. 3553(a).

This defendant participated in fraud for four separate properties.  The United States requests a fair and reasonable sentence.

Dated: June 27, 2011                    Respectfully submitted,

                                        B. TODD JONES
                                        United States Attorney

                                        s/ Chris S. Wilton

                                        BY:  CHRIS S. WILTON
                                        Assistant U.S. Attorney